AO 245C (Rev. 9/00) - Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RAYMOND NEWTON, SR.** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:   **2:00CR20167-005**<br><br>Joseph D. Johnson<br><small>Defendant's Attorney</small> |

**Date of Original Judgment:   05/14/2001**
<small>(Or Date of Last Amended Judgment)</small>

## Reason for Amendment:

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances
    (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[X] Modification of Supervision Conditions (18 U.S.C § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and
    Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive
    Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
    [ ] 18 U.S.C. § 3559(c)(7), or [ ] Modification of Restitution Order

## THE DEFENDANT:

[**x**]      pleaded guilty to count: <u>2 of a 14-count Indictment filed December 6, 2000</u> .
[ ]      pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]      was found guilty on count(s) ___ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | CONSPIRACY TO DISTRIBUTE METHYLPHENIDATE (RITALIN) AND PENTAZOCINE (TALWIN), SCHEDULE II AND SCHEDULE IV CONTROLLED SUBSTANCES | 09-30-1999 | 2 |

    The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]      The defendant has been found not guilty on count(s) ___.

[ ]      Count(s) ___ (is)(are) dismissed on the motion of the United States.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

June 22, 2005
Date of Imposition of Judgment

s/ Kathryn H. Vratil

Signature of Judicial Officer

Honorable Kathryn H. Vratil, U. S. District Judge
Name & Title of Judicial Officer

August 17, 2005

Date

AO 245C (Rev. 9/00) - Imprisonment

| | | |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | Judgment - Page 2 of 7 |
| CASE NUMBER: | 2:00CR20167-005 | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  4 months .

This term of imprisonment is to run consecutive to his prior federal sentence in Case Number 5:99CR40026-001.

[ ]    The Court makes the following recommendations to the Bureau of Prisons:

[**x**]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.

     [ ] at ___ on ___.

     [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     [ ] before _ on ___.

     [ ] as notified by the United States Marshal.

     [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245C (Rev. 9/00)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | Judgment - Page 3 of 7 |
| CASE NUMBER: | 2:00CR20167-005 | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  three (3) years .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 9/00)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | Judgment - Page 4 of 7 |
| CASE NUMBER: | 2:00CR20167-005 | |

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant is prohibited from possessing or purchasing a firearm, destructive device, or other dangerous weapon.

2.  The defendant shall participate in an approved program for substance abuse, which may include drug/alcohol testing, counseling and inpatient treatment, and share in the costs, based on the ability to pay, at the direction of the United States Probation Office.  The defendant shall abstain from the use of alcohol during said treatment program.

*3.  The defendant shall be placed on home detention pending disposition of the State matters, to commence at the direction of the U.S. Probation Office.  During this time, the defendant shall remain at his place of residence, except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at place of residence without any "call forwarding," "Caller ID," "call waiting," modems, answering machines, cordless telephones or other special service for the above period.  The defendant may be required to wear an electronic device and shall observe the rules specified by the Probation Office.  The defendant shall assist in the costs of home detention, based on the ability to pay, at the direction of the probation officer.

AO 245C (Rev. 9/00) -Criminal Monetary Penalties

| | | Judgment - Page 5  of  7 |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | |
| CASE NUMBER: | 2:00CR20167-005 | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[ ]     The determination of restitution is deferred until  _.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]     The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _ | $_ | |

[ ]     If applicable, restitution amount ordered pursuant to plea agreement $  _

[ ]     The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]     The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[ ]  the interest requirement is waived for the      [ ] fine and/or     [ ] restitution.

[ ]  the interest requirement for the      [ ]  fine and/or     [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 9/00) -Criminal Monetary Penalties

| | | |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | Judgment - Page 6 of 7 |
| CASE NUMBER: | 2:00CR20167-005 | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [ ]    Lump sum payment of $ due immediately, balance due

    [ ]     not later than _____, or

    [ ]    in accordance with ( ) C, ( ) D, or ( ) E below; or

B    [x]    Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( ) E below); or

C    [ ]    Payment in _____  (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of ___ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in _____  (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of ___ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]    Joint and Several

| Case Number<br>(including Defendant Number) | Defendant Name | Joint and Several<br>Amount |
|---|---|---|
| | | |

    [ ]    The defendant shall pay the cost of prosecution.

    [ ]    The defendant shall pay the following court cost(s):

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs.

AO 245C (Rev. 9/00) - Denial of Federal Benefits

| | | |
|---|---|---|
| DEFENDANT: | RAYMOND NEWTON, SR. | Judgment - Page 7 of 7 |
| CASE NUMBER: | 2:00CR20167-005 | |

# DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

IT IS ORDERED that the defendant shall be:

[x]   ineligible for all federal benefits for a period of five (5) years .

[ ]   ineligible for the following federal benefits for a period of _.

(specify benefit(s))

## OR

[ ]   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall be:

[ ]   be ineligible for all federal benefits for a period of _.

[ ]   be ineligible for the following federal benefits for a period of _.
(specify benefit(s))

[ ]   successfully complete a drug testing and treatment program.

[ ]   perform community service, as specified in the probation and supervised release portion of this judgment.

[ ]   Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531